IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOSEPH LEE OSBOURNE, ) | |
| AIS #271524, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:19-CV-535-MHT |
| ) | |
| OFFICER S. HARDY, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Joseph Lee Osbourne, an indigent inmate, in which he challenges the failure of correctional officers at Ventress Correctional Facility to protect him from attack by another inmate on December 16, 2017. On July 30, 2019, the court issued the initial orders in this case, Docs. 4 and 5, copies of which the Clerk mailed to the plaintiff at his address of record. The postal service returned these orders because the plaintiff refused to accept delivery of this mail from the court. The returned mail contains the notation "inmate will not pick up."

Based on the foregoing, the court entered an order requiring "that on or before September 9, 2019 [Osbourne] show cause why this case should not be dismissed for his failure to accept mail sent to him from this court." Doc. 9 at 1. In this order, the court "specifically cautioned [Osbourne] that if he again refuses his mail and fails to respond to this order the Magistrate Judge will recommend that this case be dismissed due to his

failure to maintain a line of communication with the court and because, in the absence of such, this case cannot proceed before this court in an appropriate manner." Doc. 9 at 1–2. The docket establishes that Osbourne again failed to accept his mail from the court. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After such review, the court finds that dismissal of this case is the proper course of action. Initially, the court notes that Osbourne is an indigent individual and the imposition of monetary or other punitive sanctions against him would be ineffectual. Moreover, it appears that Osbourne is simply no longer interested in the prosecution of this case and any additional effort to secure his compliance would be unavailing and a waste of this court's scarce resources. Finally, this case cannot properly proceed when Osbourne refuses to maintain a line of communication with the court.

Accordingly, the court finds that Osbourne's repeated refusals to accept his mail from the court relative to this case and his failure to comply with an order of this court warrant dismissal of this case. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S.

626, 629–30 (1962).  This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket.").  "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice."  *Id*.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

On or before **September 27, 2019** the parties may file objections to the Recommendation.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc*., 996 F.2d 1144, 1149 (11th Cir. 1993)("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not

challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 13th day of September, 2019.

        /s/ Charles S. Coody
       UNITED STATES MAGISTRATE JUDGE